OPINION
Randall L. Johnson appeals from an order denying his motion to terminate his child support obligation to his former wife, Janet E. Johnson.
Randall[1] and Janet were divorced in 1989. Randall was ordered to pay support for each of the parties' two minor children "until such time as the child obtains the age of eighteen years, finishes high school, dies, marries, or otherwise becomes emancipated whichever event first occurs."
Randall and Janet's older child, James Nicholas Johnson, attained eighteen years of age on May 7, 1997. He completed his third year as a student at Fairborn High School that spring. In July of 1997, James withdrew from Fairborn High School and enrolled in the U.S. Jobs Corps, where he intended to complete his final year of high school education in a G.E.D. program more suited to his career goals.
Randall continued to pay child support for James, unaware of his enrollment in the Jobs Corps. In July, 1998, Randall asked the court to terminate his obligation with respect to James retroactive to his eighteenth birthday, crediting the amount Randall had paid thereafter against his obligation for the parties' younger child, who yet in his minority.
In support of his motion, Randall offered evidence showing that while James was in the Jobs Corps he received free housing and food and a cash allowance for living expenses. Janet offered evidence showing that she had continued to send money to James while he was in the Jobs Corps to use for his needs, including clothes, tools, and personal hygiene items.
The trial court overruled Randall's motion, finding that the continued support that Janet provided James after he enrolled in the Jobs Corps demonstrated that she had not relinquished parental control consistent with his emancipation. However, the court ordered Randall's obligation terminated effective with James' nineteenth birthday.
Randall filed a timely notice of appeal. He presents three assignments of error, which we will consider together:
 FIRST ASSIGNMENT OF ERROR THE APPELLANT RESPECTFULLY ARGUES THAT THE TRIAL COURT'S DECISION IN FAILING TO TERMINATE CHILD SUPPORT FOR A CHILD WHO TURNED 18 YEARS OF AGE, AND WAS NO LONGER ATTENDING AN ACCREDITED HIGH SCHOOL ON A FULL-TIME BASIS AS MANDATED BY OHIO REVISED CODE 3109.05(E), WAS AN ABUSE OF THE COURT'S DISCRETION AND CONTRARY TO LAW.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO GRANT THE APPELLANT CREDIT FOR CHILD SUPPORT PAID TO THE APPELLEE AFTER THE CHILD ATTAINED 18 YEARS OF AGE AND WAS NO LONGER ATTENDING AN ACCREDITED HIGH SCHOOL ON A FULL-TIME BASIS AS MANDATED BY OHIO REVISED CODE 3109.05(E).
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO EMANCIPATE A CHILD WHO TURNED 18 YEARS OF AGE, WITHDREW FROM AN ACCREDITED HIGH SCHOOL, AND WAS FULLY SUPPORTED BY THE UNITED STATES JOB CORPS.
Child support orders remain in effect after a child's eighteenth birthday while he or she "continuously attends on a full-time basis any recognized and accredited high school," but do not remain in effect after the child's nineteenth birthday "[e]xcept in cases in which the order provides that the duty of support continues for any period after the child reaches age nineteen." R.C. 3109.05(E). Consistent with that section, the trial court terminated Randall's obligation for James effective on his nineteenth birthday. The issue presented is whether the court erred in refusing to terminate the obligation for the one year prior to that, after James had attained age eighteen.
The trial court's "emancipation" rationale is consistent with the decision of this court in In re Owens (1994), 96 Ohio App.3d 429. In that case, we held that an eighteen year old "child" who had enrolled in the Job Corps was not emancipated because his mother, the residential parent, continued to provide him some incidence of support. The same rule might apply here to continue Randall's child support obligation after James' eighteenth birthday. We find no abuse of discretion in the trial court's decision to apply the rule as it did to the facts before it.
R.C. 3109.05(E) operates automatically to continue any judicially-determined child support obligation past the child's emancipation and until the child reaches age nineteen, so long as the conditions imposed by that section are satisfied. R.C.3109.05(E) contains no conditions concerning the child's income or needs. Indeed, to the extent that those matters might demonstrate emancipation they are irrelevant, because emancipation is itself irrelevant to the continued obligation that R.C. 3109.05(E) imposes. That is not to say that an obligor may not seek to modify his support obligation during the period to account for the child's income or the needs that third parties provide. However, a domestic relations court is not required to recalculate support on the basis of a motion to terminate. In re Owens, supra.
The assignments of error are overruled. The judgment from which the appeal is taken will be affirmed.
WOLFF, J. and YOUNG, J., concur.
Copies mailed to:
Richard T. Brown, Esq.
Joseph W. Walker, Esq.
Hon. V. Michael Brigner
[1] For clarity and economy, the parties will be identified by their first names.